ORIGINAL

1   David J. Miclean (SBN 115098)
    dmiclean@micleangleason.com
2   Carmen M. Aviles (SBN 251993)
    caviles@micleangleason.com
3   MICLEAN GLEASON LLP
    411 Borel Avenue, Suite 310
4   San Mateo, CA  94402
    Office:  (650) 684-1181
5   Fax:  (650) 684-1182
6
7   Craig S. Jepson (SBN 132150)
    REED & SCARDINO LLP
8   301 Congress Avenue, Suite 1250
    Austin, TX  78701
9   Telephone:  (512) 474-2449
    Facsimile:  (512) 474-2622
10  cjepson@reedscardino.com
11
12  Attorneys for Plaintiff
    MOBILE TELECOMMUNICATIONS
13  TECHNOLOGIES, LLC
14
                UNITED STATES DISTRICT COURT
15
              NORTHERN DISTRICT OF CALIFORNIA
16
                   SAN FRANCISCO DIVISION
17
18  MOBILE TELECOMMUNICATIONS              Case No.:
    TECHNOLOGIES,
19                                         CV 16 80012 MISC.
              Plaintiff,
20                                         DECLARATION OF CRAIG S. JEPSON
    v.                                     IN SUPPORT OF PLAINTIFF MOBILE
21                                         TELECOMMUNICATIONS
    SAMSUNG ELECTRONICS CO., LTD.,         TECHNOLOGIES, LLC'S MOTION TO
22  SAMSUNG ELECTRONICS AMERICA,           COMPEL THIRD-PARTY GOOGLE,
    INC., SAMSUNG                          INC. TO PRODUCE DOCUMENTS AND
23  TELECOMMUNICATIONS AMERICA,            TO MAKE AVAILABLE AN
    LLC.,                                  ADDITIONAL WITNESS AND
24                                         REQUEST FOR SANCTIONS
              Defendants.                  PURSUANT TO FRCP 37
25
26
27
28



FILED
JAN 14 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NC

I, Craig S. Jepson, am admitted to the Bar of the Supreme Court of the United States of America, the Fifth Circuit, the Ninth Circuit, the Federal Circuit Court of Appeals, and to the Bars of the United States District Courts for the Eastern, Northern, Southern, and Western Districts of Texas and to the Northern District of Texas. I am a member in good standing of the State Bar of Texas and the State Bar of California. I am, and have been since 1989, registered to practice before the United States Patent and Trademark Office. (Reg. No. 33,517). I make this declaration either from my own personal knowledge, or from the files of Reed & Scardino LLP kept in the ordinary course of business with which I am familiar, as should be apparent from the context of my statements.

1.  Exhibit 1 is a true and correct copy of the subpoena issued by MTel and served upon third-party Google, Inc., dated August 10, 2015. (MTel's "First Subpoena."). Topic For Deposition number 5 reads: "The process by which a Client App will receive a message from the GCM Connection Servers and what actions the Client App will take in response."

2.  Exhibit 2 is a true and correct copy of excerpts from MTel's Claim Chart for U.S. Patent No. 5,809,428, which was served upon defendant Samsung pursuant to local patent rule 3-1 of the Eastern District of Texas, Marshall Division. This claim chart shows that MTel accuses all Samsung devices that utilize the Google Cloud Messenger of infringing the '428 Patent.

3.  Exhibit 3 is a true and correct copy of U.S. Patent No. 5,809,428.

4.  Exhibit 4 is a true and correct copy of excerpts from the November 11, 2015 deposition of Google's corporate representative, Francesco Nerieri.

5.  Exhibit 5 is a true and correct copy of a document produced by third-party Google, Inc. in response to MTel's First Subpoena. The document is bates-numbered GOOG_MTL_00000663 and identifies the message types used for GCM.

6.  Exhibit 6 is a true and correct copy of email correspondence between counsel for Google, Andrea P. Roberts, and counsel for MTel, including my associate Dustin L. Taylor, between the dates of November 17 and November 18, 2015.

JEPSON DECLARATION ISO MTEL'S MOTION TO COMPEL GOOGLE, INC.

7.      Exhibit 7 is a true and correct copy of MTel's Notice of 30(B)(6) Deposition of Google, Inc., included as part of MTel's Second Subpoena.

8.      Exhibit 8 is a true and correct copy of correspondence served upon counsel for Google, Andrea Roberts, by my associate Dustin L. Taylor.  The correspondence followed an earlier discussion between the parties where counsel for MTel identified testimony of Google's corporate representative Mr. Nerieri that supported MTel's request for additional discovery.  The correspondence includes additional citations to the transcript that further support MTel's request.

9.      Exhibit 9 is a true and correct copy of Third Party Google Inc.'s Response to Mobile Telecommunications Technologies, LLC's November 25, 2015 Subpoena for Deposition and Documents, served upon MTel on December 11, 2015.  Although MTel issued two separate subpoenas for the matter of *Mobile Telecomms. Techs., LLC v. ZTE (USA), Inc.*, 2:13-CV-946 (lead case) and the matter of *Mobile Telecomms. Techs., LLC v. Samsung Electronics Co., Ltd. et al.,* 2:15-cv-00183, Google only provided responses and objections to MTel's subpoena in the HTC matter.  The subpoenas in both matters are identical.

10.      Exhibit 10 is a true and correct copy of email correspondence between counsel for Google, including Andrea P. Roberts, and counsel for MTel between the dates of December 11, 2015, and December 17, 2015.  On December 17, 2015, my associate Dustin L. Taylor reminded counsel for Google of the location and start time for the scheduled deposition.

11.      Exhibit 11 is a true and correct copy of the full transcript of MTel's Statement of Nonappearance, taken by my associate Dustin L. Taylor on Friday, December 18, 2015.

12.      Exhibit 12 is a true and correct copy of the Declaration of Service received by counsel for MTel, confirming that MTel's November 20, 2015, Subpoena was properly served upon an authorized representative of Google, Inc.  Google did not object to improper service in its formal objections.  *See* Exhibit 6.  Nor did Google raise the issue of improper service during any of the parties' meet and confers.

13.      Exhibit 13 is a true and correct copy of the Google Maps website, showing the location of the headquarters of Google, Inc. and the location where the deposition and

2

1   production of documents was scheduled to occur.  The two locations are approximately six

2   miles apart.

3       14.   Exhibit 14 is a true and correct copy of an invoice by Huseby court reporting

4   services that MTel received in connection with MTel's Notice of Nonappearance.

5       15.   Counsel for MTel, has diligently met and conferred with counsel for Google in

6   an attempt to resolve the present dispute without the Court's intervention.  Following the initial

7   deposition of Google's corporate representative, Mr. Nerieri, my associate Dustin L. Taylor

8   notified counsel for Google that the witness was unprepared to testify as to Topic 5 of MTel's

9   deposition notice and requested an additional witness to testify.  *See* Exhibit 6.  Counsel for

10  Google refused.  *Id*.  Following service of MTel's second subpoena, the parties conferred via

11  telephone where my associate Dustin L. Taylor identified testimony by Mr. Nerieri that

12  supported MTel's request for additional testimony and for source code.  Counsel for MTel then

13  served correspondence further identifying additional testimony.  *See* Exhibit 8.  Counsel for

14  Google nevertheless filed objections stating Google's refusal to produce an additional witness

15  or depositions.  Exhibit 9.  Although Google's Response included objections that the subpoena

16  was unduly burdensome and sought protected information, Google did not file a motion to

17  quash.  Prior to the scheduled deposition, my associate Dustin L. Taylor reminded counsel for

18  Google of the noticed deposition location and start time.  Exhibit 10.  Counsel for Google

19  responded that Google would not make an appearance.  *Id*.  MTel made a notice of

20  nonappearance at the scheduled deposition.  Exhibit 11.

21  16.   MTel has incurred costs and fees associated with pursuing the discovery to which it is

22  entitled.  These costs and fees include a $300.00 USD charge by Huseby for fees associated

23  with Notice of Nonappearance.  Exhibit 14.  These costs further include approximately ten

24  hours of attorney time, as of the date of this declaration, associated with the meet and confer

25  process; making the notice of nonappearance, and drafting the motion to compel and the

26  associated pleadings, totaling approximately $2,800.00 USD.

27

28

1        I declare under penalty of perjury, under the laws of the United States and the State of

2  Texas, that the foregoing is true and correct.  Executed this 11th day of January, 2016, in Austin,

3  Texas.

4                                       */s/ Craig S. Jepson*

5                                         Craig S. Jepson
Attorney, Reed & Scardino, LLP

4