David J. Miclean (SBN 115098)
dmiclean@micleangleason.com
Carmen M. Aviles (SBN 251993)
caviles@micleangleason.com
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310
San Mateo, CA  94402
Office:  (650) 684-1181
Fax:  (650) 684-1182

Craig S. Jepson (SBN 132150)
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Telephone:  (512) 474-2449
Facsimile:  (512) 474-2622
cjepson@reedscardino.com


Attorneys for Plaintiff
MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUMG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC., <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S MOTION TO COMPEL THIRD-PARTY GOOGLE, INC. TO PRODUCE DOCUMENTS AND TO MAKE AVAILABLE AN ADDITIONAL WITNESS AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37** |

Plaintiff Mobile Telecommunications Technologies, LLC ("MTel") asks this Court to enforce MTel's Subpoena to Testify at a Deposition and Produce Documents, dated November 20, 2015 (hereinafter, "Second Subpoena").  MTel was forced to serve the Second Subpoena after Google Inc. ("Google") failed to adequately prepare its witness to testify on topics identified in MTel's First Subpoena dated August 10, 2015 ("First Subpoena").  At that first deposition, Google's representative testified that the information sought by MTel was outside his knowledge and required the production of source code.  MTel served the Second Subpoena specifically identifying the topics on which the Google witness was unable to testify and requested the documents the witnesses identified during the first deposition.  Google refused to provide either an additional deponent or the required source code.  Google failed to appear at the duly, lawfully, and timely noticed deposition in Sunnyvale, CA on December 18, 2015, but never filed a motion to quash.

Google's non-compliance with the Subpoena is unacceptable because MTel diligently met and conferred with Google on the information sought and the relevance of the information.  Moreover, Google's objection that MTel's Second Subpoena is unduly burdensome and seeks privileged information is without merit because Google failed to file a motion to quash or a protective order.  Google chose to merely object to the Second Subpoena and not appear.  MTel therefore asks this Court to compel Google's compliance with MTel's Subpoena and sanction Google for its noncompliance.

I.   FACTUAL BACKGROUND

MTel served its First Subpoena on Google on August 10, 2015, because Google alone has access to the source code and information about the operation of the Google Cloud Messenger ("GCM"), an application at issue in the *Mobile Telecommunications Technologies, LLC v. Samsung Electronics Co., et al.* case (hereinafter, "underlying action").  Declaration of Craig Jepson (hereinafter, "Decl. Jepson"), Exhibit (hereinafter, "Ex.") 1.  Samsung's mobile phones and tablets that operate using version 2.2 or higher of the Android Operating System are accused of infringing U.S. Patent No. 5,809,428 ("the '428 Patent").  Decl. Jepson, Ex. 2. These devices employ GCM to receive "push" messages from a network operations center.  *Id.*

1   GCM is proprietary to Google.  GCM includes a server-side component and a device-side
2   component, termed the "client application."

3       MTel asserts Claim 4 of the '428 Patent against Samsung.  Claim 4 recites three
4   "means for generating" elements:

5           "means for generating, upon receiving a data message, a data
            acknowledgmetn message, said data acknowledgemnt message being transmitted
6           by said transmitter"
            "means for generating, upon receiving a probe message, a probe
7           acknowledgement message, said probe acknowledgment message being
            transmitted by said transmitter"; and
8       …
            "means for generating, upon power restoration to the transmitter, a
9           registartion message if a probe message has been received while the tarnsmitter
            was powered off, said registration message being transmitted by said transmitter"
10  Ex. 3 (U.S. Patent No. 5,809,428 at Col. 9, l. 51 to col. 10, l. 3; *id.* at Col. 10, ll. 7-11.

11      Samsung's GCM client application that operates on Samsung infringing devices
12  performs these three elements. ███████████████████████████████████████████
13
14  ███████████████████████████████████████ Decl. Jepson, Ex. 4 at
15  88:22-89:6. ████████████████████████████████████████████████
16  ███████████████████████████████ *Id.* ███████████████████████
17  ████████████████████████████████. *Id.*

18      Topic five of MTel's First Subpoena requested testimony or written materials on "the
19  process by which a Client App will receive a message from the GCM Connection Servers and
20  what actions the Client App will take in response."  Decl. Jepson, Ex. 1 at 6.

21      Documents produced by Google identify several types of messages the GCM client
22  application receives pursuant to the Google-proprietary protocol, including ██████████
23  ██████. Decl. Jepson, Ex. 5 at GOOG_MTL_00000663 at 00000665 (identifying ████
24  ████████████████████████. When questioned about ████████████████
25  ███████████████████████████████████████████ Google testified
26  through its corporate representative, Francisco Nerieri, that █████████████████████

27

28

1

2

3

4

5

6

7

8

9

10

11

Decl. Jepson, Ex. 4 at 154:1-20.

12

13    Following Mr. Nerieri's deposition, counsel for MTel requested an additional

14  deposition by the person most knowledgeable on the GCM client application. Decl. Jepson,

15  Ex. 6.  Counsel for Google refused to produce an additional deponent.  *Id*.

16    As a result of Mr. Nerieri's testimony and Google's refusal to provide an additional

17  deponent to cure this deficiency, MTel issued its Second Subpoena to Google on November

18  20, 2015.  Decl. Jepson, Ex. 7.  MTel's Second Subpoena contained only five topics.  Decl.

19  Jepson, Ex. 7.  In the spirit of cooperation, MTel withdrew its request for Topics 4 and 5.

20  Decl. Jepson, Ex. 8.  Thus, at issue in this Motion are only Topics 1-3 and the requested

21  documentation.  Each of the three remaining topics seeks information regarding how the

22  Google client application receives, processes, responds, or generates specific types of

23  messages.  For example, Topic One specifies

24

25

26    Decl. Jepson, Ex. 7.

27

28    MTel's Second Subpoena also requested production of two other specific categories of

information:  (1) all prior depositions of Mr. Francesco Nerieri regarding Google Cloud

3

Messaging; and (2) source code pertaining to specific functions of the GCM client application. *Id.*

On December 2, 2015, counsel for MTel and Google conferred via telephone regarding MTel's Second Subpoena. Decl. Jepson, Ex. 6. Following this call, counsel for MTel issued correspondence that summarized the conference and provided additional citations to portions of the deposition transcript of Mr. Nerieri wherein Mr. Nerieri could not provide testimony or information on topics included in MTel's Second Subpoena. *Id.*

MTel's Second Subpoena requested Google to produce documents by December 11, 2015, and noticed the deposition to occur on December 18, 2015, in Sunnyvale, California. Decl. Jepson, Ex. 7. On December 11th, the date by which Google was to produce documents, Google responded to MTel's Second Subpoena by objecting that MTel's noticed topics and document requests were unduly burdensome, cumulative, and sought privileged information. Decl. Jepson, Ex. 9, at ¶¶ 4, 5, 8.

Despite objecting that MTel's Second Subpoena was unduly burdensome and sought privileged information, Google did not file a motion to quash or protective order. On December 17, 2015, counsel for MTel reminded counsel for Google of the location for the deposition noticed for the following day. Decl. Jepson, Ex. 10. Counsel for Google responded that it would not appear. *Id.* On December 18, 2015, at approximately 9:15 AM, counsel for MTel put Google's nonappearance on the record when neither counsel for Google nor the witness appeared. Decl. Jepson, Ex. 11.

## II.   LEGAL STANDARD

### A.   Revised Rule 45 Provides Procedural Requirements.

Rule 45 of the Federal Rules of Civil Procedure requires a party seeking information from a non-party to seek a subpoena "from the court where the action is pending." Fed.R.Civ.P. 45(a)(2)-(3). "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Simmons v. Fervent*

*Elec. Corp.*, No. 14-CV-1804 ARR MDG, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014) (citing Advisory Committee Notes, 1991 Amendment to Fed.R.Civ.P. 45).

Rule 45(c) specifies that the "place of compliance" for deposition testimony and production of documents may only occur within 100 miles of where the person resides, is employed, or regularly transacts business in person.  Rule 45(d)(3)(iii)-(iv) *requires* a party seeking to prevent disclosure due to a belief that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden" to file a timely motion to quash or modify the subpoena. Fed.R.Civ.P. 45(d)(3)(iii)-(iv) (emphasis added).

**B.  Motions to Compel Compliance with Rule 45**

A party may move for compliance of a subpoena and sanctions under Federal Rule of Civil Procedure 37.  Fed. R. Civ. P. 37 (a) (3).  The Local Rules of the Northern District of California require the party seeking compliance with a Subpoena to "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed.R.Civ.P. 26(b)(2) are satisfied."  *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015) (citing N.D. Cal. Civ. L.R. 37-2).

Although a subpoena *duces tecum* issued under Fed. R. Civ. P. 45 is subject to the relevance standards of Rule 26, "pre-trial discovery is ordinarily 'accorded a broad and liberal treatment.'"  *Brown v. Brown*, No. CV 13-03318 SI, 2014 WL 172407, at *2 (N.D. Cal. Jan. 15, 2014) (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)).

When a party seeks testimony from a corporate entity pursuant to Federal Rule 30(b)(6), "the corporation must produce someone familiar with that subject."  *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir.1999).  "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give  complete, knowledgeable and binding answers' on its behalf."  *Id.*  "The purpose behind designating a witness to represent the corporation is to prevent bandying, which is the practice of presenting employees for their depositions who disclaim knowledge of

the facts known by other individuals within the organization." *Gulfstream Worldwide Realty, Inc. v. Philips Elec. N. Am. Corp*., No. 06-1165, 2007 WL 5704041, *5 (D.N.M. Oct. 24, 2007) (internal quotation marks omitted).

## III. MTEL'S SECOND SUBPOENA MET ALL PROCEDURAL REQUIREMENTS

Under Rule 45, a subpoena must:  (1) "issue from the court where the action is pending"; (2) be personally delivered to the subpoenaed person; and (3) comply with the 100-mile rule.  *See* Fed.R.Civ.P 45(a)(2), 45(b)(1), and 45(c)(1).

The currently pending litigation is before Magistrate Judge Payne of the Eastern District of Texas, Marshall Division—from where the subpoena issued.  Decl. Jepson, Ex. 7. MTel's Second Subpoena was personally delivered to Google's registered process server, Mr. Joe Abello.  Decl. Jepson, Ex. 12.  MTel's Second Subpoena requested Google to produce both documents and its corporate representative at the offices of Regus Business Center, 640 W. California Ave., Suite 210, Sunnyvale, California 94086—approximately six miles from Google's corporate headquarters.  Decl. Jepson, Ex. 13.  Google never objected that service was not properly made under Rule 45.  Jepson Decl. at ¶ 12.

## IV. MTEL'S  SUBPOENA  SEEKS  RELEVANT  DISCOVERABLE  INFORMATION AND IS NOT UNDULY BURDENSOME FOR GOOGLE TO PRODUCE

"The scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules,' which in turn is the same as under Rule 26(b)."  *Loop AI Labs Inc v. Gatti*, No. 15CV00798HSGDMR, 2015 WL 5522166, at *5 (N.D. Cal. Sept. 18, 2015) (citing Advisory Committee Notes to 1970 Amendment) (other internal citations omitted). "Rule 26(b) allows a party to obtain discovery concerning 'any nonprivileged matter that is relevant to any party's claim or defense.'"  *Id.* (citing Fed.R.Civ.P. 26(b)(1)).  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."  *Id.* (citing *Gonzales v. Google, Inc*., 234 F.R.D. 674, 679–80 (N.D. Cal.2006)).

MTel's Second Subpoena seeks information that is directly relevant to its assertion of Claim 4 of the '428 Patent.  The information regarding the operation of the GCM client application in receiving and processing messages and generating responses to those received messages is solely within the possession of Google.  Although MTel previously sought this

information through corporate testimony of Google, additional discovery is necessary because Google did not adequately prepare its witness to testify on Topic 5 of MTel's First Subpoena.

████████████████████████████████████████████████████

████████████████████████████████████████████████████. Decl.

Jepson, Ex. 4, at 154:1-20.  Specifically, ████████████████████████

████████████████████████████████████████████████████

████████████

████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████

*Id*. at 154:1-9.

Topics 1-3 of MTel's Second Subpoena are limited to the subject matter for which Mr. Nerieri was not able to testify.  Topic 1 seeks ████████████████████████

████████████████████████████████████████████████████

████████████  Decl. Jepson, Ex. 7.  Topic 2 seeks ████████████████████

████████████████████████████  *Id*.  Finally, Topic 3 seeks ██████████████

████████████████████████████████████████████████████

████████████████  *Id*.  The four message types identified in Topics 1 and 2 are identified in the document included in Topic 3.  *See* Decl. Jepson, Ex. 5 (identifying ████████████

████████████████████████████████████.  The information MTel seeks through its Second Subpoena is highly relevant because the '428 Patent claim MTel asserts against Samsung claims three "means for generating" elements.  Google's documents are silent as to how the client application generates these messages; thus Mr. Nerieri's testimony is needed.  MTel's request for source code is equally vital because Mr. Nerieri testified ██

████████████████████████████████████████████████████

████████████████████████  Decl. Jepson, Ex. 4, at 154:1-20.

MTel's Second Subpoena is not unduly burdensome nor cumulative.  "The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens,

7

and 'calls upon the court to consider whether the information is necessary and available from any other source." *Rembrandt Patent Innovations, v. Apple, Inc.*, No. 1:15-CV-438-RP, 2015 WL 4393581, at *1 (W.D. Tex. July 15, 2015).

The parties have met and conferred several times regarding MTel's subpoenas.  MTel has identified specific portions of Mr. Nerieri's testimony where Mr. Nerieri could not provide the information MTel now seeks.  MTel's Second Subpoena requests testimony on only three related topics; prior deposition transcripts of the witness regarding the same GCM service at issue here; and production of source code for a specific and defined operation for which Google's own witness admits is necessary to review.

## V.  THE COURT SHOULD AWARD MTEL ITS EXPENSES INCURRED BY PURSUING ITS SECOND SUBPOENA

A party may recover its expenses, including attorneys' fees and costs, incurred as a result of filing a motion to compel under Federal Rule 37(a)(5).  "The decision whether to grant fees and costs is committed to the court's discretion."  *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2:14-cv-2119, 2015 WL 3649623 at *2 (D. Nev. June 10, 2015) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 1992)).

MTel has incurred costs and fees associated with issuing MTel's Second Subpoena, pursuing fulfillment of the Second Subpoena in the face of Google's continued refusal to produce a witness or documents, and filing this Motion.  Decl. Jepson, ¶ 16.  For the reasons stated above in support of MTel's Motion to Compel, Google's refusal to meet its obligations is not substantially justified.  *See N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F.Supp.2d 991, 1001 (N.D. Cal. 2004) (awarding attorney's fees when party's reason for failing to produce documents was not substantially justified when party failed to demonstrate information was privileged).

## VI. CONCLUSION

For the reasons set forth above, plaintiff Mobile Telecommunications Technologies, LLC respectfully requests the Court to grant its Motion to compel Third-Party Google, Inc. to Produce Documents and Make Available An Additional Witness.  Should the Court grant MTel's Motion, MTel further requests the Court allow MTel to recover its expenses, including

1   attorneys' fees and costs, incurred as a result of filing this motion to compel and otherwise

2   pursuing its Second Subpoena.

3

4   Dated:  January 8, 2016                    Respectfully submitted,

5

6                                              **REED & SCARDINO LLP**

7

8                                              By     /s/ *Craig S. Jepson*
                                               Craig S. Jepson
9                                              301 Congress Avenue, Suite 1250
                                               Austin, TX 78701
10                                             Telephone:  (512) 474-2449
                                               Facsimile:  (512) 474-2622
11
                                               *Attorneys for Plaintiff*
12                                             *Mobile Telecommunications*
                                               *Technologies, LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MTEL'S MOTION TO COMPEL GOOGLE, INC.