1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     David A. Perlson (Bar No. 209502)
2    davidperlson@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California  94111
   Telephone:     (415) 875-6600
4  Facsimile:     (415) 875-6700

5
     Andrea Pallios Roberts (Bar No. 228128)
6    andreaproberts@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
7  Redwood Shores, California 94065
   Telephone:     (650) 801-5000
8  Facsimile:     (650) 801-5100

9  Attorneys for Third-Party Google Inc.

10

11

12                    UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

14

| | |
|---|---|
| 15  MOBILE TELECOMMUNICATIONS TECHNOLOGIES, | CASE NO. 5:16-mc-80012-NC |
| 16              Plaintiff, | **THIRD PARTY GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO MAKE AVAILABLE AN ADDITIONAL WITNESS AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37** |
| 17       vs. | |
| 18  SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC., | |
| 19 | |
| 20 | [REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED] |
| 21              Defendants. | |
| 22 | Judge:    Hon. Nathanael Cousins<br>Date:     February 10, 2016<br>Time:     1:00 pm<br>Courtroom: 7, 4th Floor |

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................................1

STATEMENT OF RELEVANT FACTS .........................................................................................2

ARGUMENT ........................................................................................................................................7

I. MTEL'S MOTION SHOULD BE DENIED BECAUSE MTEL FAILED TO MEET AND CONFER IN GOOD FAITH. ......................................................................7

II. MTEL FAILS TO MEET ITS BURDEN OF SHOWING THIRD-PARTY GOOGLE'S RESPONSES WERE INADEQUATE OR ITS OBJECTIONS UNJUSTIFIED. ................................................................................................................8

    A. The November Subpoena is Unduly Burdensome Because Third-Party Google Repeatedly Responded to Serial Subpoenas from MTel. ...............9

    B. MTel Fails to Meet Its Burden With Respect to Its Request for Deposition Testimony and Google Source Code. ...........................................9

    C. MTel Fails to Meet its Burden With Respect to Mr. Nerieri's Prior Deposition Transcripts. .............................................................................12

    D. MTel Fails to Meet its Burden With Respect to Document Request No. 3. .............13

III. THE COURT SHOULD DENY MTEL'S REQUEST FOR SANCTIONS .....................13

CONCLUSION ..................................................................................................................................15

# TABLE OF AUTHORITIES

**Page**

### Cases

*Builders Ass'n of Greater Chicago*,
    2002 U.S. Dist. LEXIS 8461 (N.D. Ill. May 13, 2002) ...............................................................8

*Glaxosmithkline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*,
    2007 WL 1051759 (D. Utah Apr. 2, 2007) ...............................................................................9

*Molefi v. Oppenheimer Trust*,
    2007 U.S. Dist. LEXIS 10554 (E.D.N.Y. Feb. 15, 2007) ..........................................................8

*Music Group Macao Commercial Offshore Limited v. Foote*,
    2015 WL 579688 (N.D. Cal. Feb. 11, 2015) .............................................................................8

*N.L.R.B. v. Cable Car Advertisers, Inc.*,
    319 F. Supp. 2d 991 (N.D. Cal. 2004) .....................................................................................14

*Sprint Nextel Corp. v. Ace Wholesale, Inc.*,
    2015 WL 3649623 (D. Nev. June 10, 2015) ...........................................................................14

*Synopsys, Inc. v. ATopTech, Inc.*,
    2015 WL 1197705 (N.D. Cal. March 16, 2015) .....................................................................12

### Statutes

Civ. L.R. 30-1................................................................................................................................7, 14

Civ. L.R. 37-1(a) ...............................................................................................................................7

Fed. R. Civ. P. 26(b)(1)..............................................................................................................11, 12

Fed. R. Civ. P. 26(b)(2)(C)..............................................................................................................12

Fed. R. Civ. P. 45(d)........................................................................................................................12

Fed. R. Civ. P. 37 ..............................................................................................................................7

Fed. R. Civ. P. 37(a)(5)(i) ...............................................................................................................13

Fed. R. Civ. P. 37(a)(5)(ii) ..............................................................................................................13

Fed. R. Civ. P. 45(d)(1) .........................................................................................................8, 9, 14

Fed. R. Civ. P. 45(d)(3)(A)(iv)..........................................................................................................8

# INTRODUCTION

Plaintiff Mobile Telecommunications Technologies, LLC ("MTel") purports to move to compel compliance with its second subpoena to third-party Google in the underlying Eastern District of Texas action against Samsung ("the November Subpoena"). In actuality, MTel's November Subpoena is an attempt to end-run MTel's own failures in relation to the first subpoena it issued in the underlying case ("the August Subpoena"), to which Google fully complied. Google produced documents pursuant to that subpoena, and MTel never raised an issue. Google also made a witness available for deposition, after the parties met and conferred regarding the scope and scheduling for the deposition. That deposition went forward on November 11, 2015. Google's witness testified fully and completely on the scope of the topics on which Google agreed to provide a witness. MTel raised no issue whatsoever with Google's testimony at the deposition. Yet, the week after the deposition, MTel vaguely asserted that Google's witness was not prepared to answer questions responsive to one of the deposition topics in the August Subpoena. As detailed further herein, MTel's assertions were without merit; notably, MTel did not move to compel compliance with the August Subpoena.

Instead, MTel served the November Subpoena, which MTel admits seeks <u>the very same information</u> as its August subpoena. A full week before the noticed deposition date and after Google had previously communicated the cumulative nature of the November Subpoena, Google served objections to the November Subpoena as cumulative of the earlier subpoena and explained why it was not appropriate for MTel to demand a second deposition. Despite these objections and communications and without previously indicating it intended to proceed on the arbitrarily chosen December 18 date for the deposition (or meet and confer regarding that date as required by Civil Local Rule 30-1), MTel emailed Google the day before regarding the deposition location, and had a court reporter record a "non-appearance" at the deposition the next day. While MTel complains that Google did not move to quash or for a protective order, it is clear now that MTel's conduct was a litigation "gotcha" aimed to allow it to make this argument; it is an attempt to avoid having to show that Google did not comply with the August Subpoena. But regardless of whether the August Subpoena or November Subpoena is at issue, MTel fails to meet its burden of showing

1  why Google's responses were inadequate or objections unjustified, or that MTel took efforts to
2  minimize the burden on third-party Google as required under Rule 45.  MTel's Motion should
3  therefore be denied.
4       MTel's request for sanctions should also be denied.  If anyone is entitled to fees and costs,
5  it is third-party Google because MTel failed to take reasonable steps to avoid unduly burdening a
6  third party as required by Rule 45(d), and instead engaged in the procedural shenanigans detailed
7  herein.

## STATEMENT OF RELEVANT FACTS

### I. MTEL SERVES GOOGLE WITH SUBPOENAS IN SEVERAL CASES AND GOOGLE SATISFIES ITS DISCOVERY OBLIGATIONS WITH RESPECT TO EACH ONE.

MTel has asserted the '428 patent, asserted against Samsung in the underlying case, against several defendants in the last few years.  In several of those cases, MTel asserts that a defendant Android Original Equipment Manufacturer (OEM) (*i.e.* maker of devices using the Android platform) infringes the '428 patent by making, using, selling, or offering to sell network operation centers and mobile units running messaging applications, including Google's Cloud Messaging service ("GCM").  GCM is a service that allows application developers to send data from their servers to users' devices, and to receive messages from devices.  (Ex. A, 21:19-22:3.)[1]  The August and November Subpoenas are MTel's <u>fourth</u> and <u>seventh</u> subpoenas to Google for documents and/or deposition in these matters.

*Sprint Nextel.*  MTel served its first subpoena for deposition testimony on April 3, 2014 in the matter of *Mobile Telecommunications Technologies, LLC v. Sprint Nextel*, Case No. 2:12-cv-00832-JRG-RSP (E.D. Texas).  (Ex. B.)  This first *Sprint Nextel* subpoena sought deposition testimony regarding GCM.  (*Id.*)  Following a meet and confer, on May 29, 2014, MTel served a second subpoena in *Sprint Nextel*, seeking documents relating to GCM.  (Roberts Dec., ¶ 4, Ex.

---

[1] Unless otherwise indicated, all exhibits are attached to the Declaration of Andrea Pallios Roberts filed concurrently herewith.

C.) Google produced documents in response to this subpoena. (*Id.*, ¶ 4.) The document requests did not seek source code. (Ex. C.) MTel never contended that Google did not meet its obligations with respect to these two subpoenas.

**_LG._** MTel served a third subpoena for documents and deposition testimony on March 11, 2015 in the matter of *Mobile Telecommunications Technologies v. LG Electronics*, Case No. 2:13-cv-947 (E.D. Texas). (Ex. D.) The *LG* Subpoena sought documents and deposition testimony regarding the operation of GCM. (*Id.*) Google produced documents in response to the *LG* Subpoena, but did not make a witness available for deposition because MTel had not served the *LG* Subpoena sufficiently in advance of the close of fact discovery and the Court denied MTel's request for an extension. (Roberts Dec., ¶ 5.) The document requests in the *LG* Subpoena did not seek source code. (Ex. D.) MTel never contended that Google did not meet its obligations under the *LG* Subpoena.

**_HTC America._** MTel also served Google with two subpoenas in *Mobile Telecommunications Technologies, LLC v. HTC America*, Case No. 2:13-cv-00948 (E.D. Texas), the first on October 2, 2015 and the second on November 25, 2015. The first of these two subpoenas sought documents and deposition testimony regarding the operation of GCM. (Ex.E.) Google produced documents in response to the subpoena. (Roberts Dec., ¶ 6.) Again, the document requests did not seek source code. (Ex. E.) MTel never complained about the sufficiency of Google's document production. (Roberts Dec., ¶ 6.) In response to this subpoena, Google also agreed to make a witness available for deposition on various topics relating to the operation of GCM, and did so. (*Id.*) Although, as detailed below, MTel contended the witness was not prepared to testify, MTel did not move to compel compliance with this subpoena.

The subpoena issued on November 25 in *HTC* is identical to the November Subpoena at issue in this Motion and noticed the deposition for the same date, time, and location, as the November Subpoena. (Ex. F.) Google responded in an identical manner as the November Subpoena as detailed herein. MTel has not contended that Google failed to comply with this subpoena or moved to compel Google to comply with it. (Roberts Dec., ¶ 7.)

## II. GOOGLE SATISFIES ITS DISCOVERY OBLIGATIONS AS TO THE AUGUST SUBPOENA.

On August 10, 2015, MTel served the first of two subpoenas in the underlying case, *Mobile Telecommunications Technologies, LLC v. Samsung*, Case No. 2:15-cv-00183 (E.D. Texas). (Jepson Dec., Ex. 1.)[2] MTel accuses Samsung of infringing the '428 patent by making, using, selling, or offering to sell network operation centers and mobile units running messaging applications, including GCM. (Case No. 2:15-cv-00183, Dkt. 1.) The August Subpoena sought documents and deposition testimony relating to the operation of GCM. (Jepson Dec., Ex. 1.) It requested the production of documents two weeks later, on August 24, and a deposition on September 11. (*Id.*) Notably, the document requests did not seek source code. (*Id.*) This was consistent with the agreed upon Protective Order in the underlying action: "At this time, the Parties do not anticipate the need for or disclosure of computer source code." (Case No. 2:15-cv-00183, Dkt. 43, ¶ 13.)

Google served timely written responses and objections to the August Subpoena on August 24, including to the September 11 deposition date. (Ex. G.) The parties met and conferred regarding Google's objections to the document requests, deposition topics, and deposition dates. (Roberts Dec., ¶ 9, Ex. H.) In response to the subpoena, Google produced 2,208 pages of documents. (*Id.*, ¶ 8.) MTel raised no issues as to this production. (*Id.*) After the meet and confer, Google agreed to make a witness available for deposition on a mutually convenient date on various topics, subject to objections including to Deposition Topic 5 which sought testimony regarding: "[t]he process by which a Client App will receive a message from the GCM Connection Servers and what actions the Client App will take in response." (*Id.*, ¶¶ 8, 9, Ex. H.) As to this topic, Google agreed to produce a witness "to testify generally regarding components of Google's Cloud Messaging service used to transmit and confirm transmission of messages." (Ex. G.) MTel did not take issue with this. (Ex. H.)

---

[2] Citations to the Jepson Dec. are in reference to the Declaration of Craig Jepson, Dkt. No. 2.

Google's Francesco Nerieri sat for deposition on November 11 and provided detailed testimony regarding the operation of GCM. Mr. Nerieri further testified regarding the transmission and confirmation of messages by components of the GCM system. (Ex. A, 66:6-67:22, 71:14-72:8, 82:9-86:6, 111:7-112:21, 117:12-119:22, 125:3-8, 127:2-21, 130:2-17, 132:5-133:22, 148:19-157:23).[3] At no point during the deposition (1) did MTel's counsel assert Mr. Nerieri was unprepared to testify on any topic, (2) ask that he or Google obtain information that he supposedly did not have, or (3) even suggest the deposition should be left open for any reason. (*Id.*, 196:14.)

Nevertheless, on November 17, MTel asked Google to provide another witness to testify in response to the August Subpoena. (Jepson Dec., Ex. 6.) MTel asserted Mr. Nerieri was not "able to answer numerous questions regarding the operation of the Client App," that fell within Topic 5 in the subpoena. (*Id.*) Yet, MTel did not identify any specific questions that Mr. Nerieri was not properly prepared to answer. (*Id.*) Still, Google noted that it was willing to meet and confer to resolve any disputes. (*Id.*) MTel did not meet and confer further with Google. Nor did it move to compel compliance with the August Subpoena.

### III.     MTEL SERVES A SECOND, CUMULATIVE SUBPOENA.

Rather than meeting and conferring further or moving to compel regarding the August Subpoena, on November 25, MTel served the November Subpoena seeking deposition testimony on five topics relating to GCM, and also sought production of transcripts from all of Mr. Nerieri's prior depositions regarding GCM, and source code relating to GCM—documents MTel had never previously requested—and documents related to the deposition topics. (Ex. I.) The November Subpoena demanded that documents be produced by December 11, and scheduled a deposition for December 18. (*Id.*)

On December 2, Google requested a meet and confer, explaining that Google objected to this latest subpoena, at least on the grounds that it failed to allow a reasonable time to comply,

---

[3] This included testimony on the deposition topics in the November Subpoena.

1  sought protected information, subjected Google to an undue burden, and appeared to be
2  cumulative of the August Subpoena.  (Ex. J.)  Google explained that Mr. Nerieri already testified
3  on the subject matter covered by Deposition Topics 1-3 and the document identified in Topics 4
4  and 5, and cited to the relevant testimony.  (*Id.*)

5        Following that meet and confer, on December 9, MTel sent Google a letter purporting to
6  cite the portions of Mr. Nerieri's deposition where he was unable to provide testimony on the
7  noticed topics.  (Jepson Dec., Ex. 8.)  That letter—like MTel's Motion—does not tie those
8  citations to the deposition topics in the August Subpoena, the deposition topics in the November
9  Subpoena, or the claimed reason for needing additional testimony for its case.  (*Id.*)  Nor did MTel
10 indicate that it intended to go forward with the deposition on December 18 despite the parties'
11 ongoing meet and confer.  (*Id.*)  Rather, MTel offered to withdraw Topics 4 and 5 if Google
12 agreed to provide a subsequent deposition and source code review date prior to December 30.
13 (*Id.*)  MTel asked Google to confirm by December 11 whether it agreed.  (*Id.*)  Google responded
14 in the requested timeframe noting it did not agree for the reasons previously articulated.  (Ex. K.)[4]

15       Although HTC's counsel had also previously informed MTel's counsel that HTC was not
16 available on December 18—the same date the *HTC* deposition was noticed for—and without any
17 further response to Google's valid objections, on December 17, MTel's counsel sent Google's
18 counsel an email with a time and location of the deposition on December 18 and indicating that
19 MTel would appear by telephone.  (Jepson Dec., Ex. 10.)  Consistent with the parties' previous
20 meet and confers, Google reiterated it could not and would not make a witness available for
21 deposition on December 18.  (*Id.*)  MTel did not respond and Google believed the matter was
22 resolved.  MTel certainly did not tell Google (or HTC or Samsung) that it was going to send a

23 ─────────────────────

24   [4]  MTel filed a copy of Google's objections to the November *HTC* Subpoena with its motion
25 to compel, rather than the objections to the November Subpoena.  (Jepson Dec., Ex. 9.)
   According to Mr. Jepson's declaration, Google only served objections to the *HTC* Subpoena.  (*Id.*,
26 ¶ 9.)  Google apparently inadvertently attached two copies of the same document to the service
   email.  (Ex. L.)  MTel never informed Google of the duplicate so that Google could correct it.  In
27 any event, as MTel agrees, the subpoenas are substantively identical (Jepson Dec., ¶ 9), as are the
   objections.
28

1  court reporter to the deposition location to record a non-appearance, and never informed Google

2  that it did so.  Nor did MTel itself appear in person for the deposition; MTel appeared

3  telephonically.  (Jepsen Dec., Ex. 11.)  Four weeks later, MTel filed its Motion, purporting to seek

4  compliance with the November Subpoena.

## ARGUMENT

### I. MTEL'S MOTION SHOULD BE DENIED BECAUSE MTEL FAILED TO MEET AND CONFER IN GOOD FAITH.

Pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-1(a), prior to filing a motion to compel or for discovery sanctions, the parties must confer "for the purpose of attempting to resolve all disputed issues."  Civil L.R. 37-1(a); *see also* Fed. R. Civ. P. 37.  "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless" the parties have satisfied this requirement.  Civil L.R. 37-1(a).  MTel did not comply with the meet and confer requirement prior to filing the present motion, and instead cut short the parties' attempts to meet and confer.  Although the parties started that process, MTel filed its Motion before it was complete.  Google expected that the parties would meet and confer regarding Google's specific arguments and objections, as they had in response to the August Subpoena.  Further, Google objected to the November Subpoena on the ground that it did not provide a reasonable time for Google to evaluate the subpoena, collect and produce documents, or identify and prepare a witness to testify, and stated that a witness would not be made available on December 18.  (Ex. K.)  Google expected that, to the extent a deposition went forward at all, the parties would meet and confer regarding scheduling, as they had with respect to the August Subpoena and as required by the rules of this Court.  Civil L.R. 30-1 (a party serving a subpoena "must also meet and confer about scheduling . . . after serving the nonparty witness with a subpoena").  But, without responding to Google's arguments and objections or conferring about scheduling (while knowing that HTC's counsel was not available on December 18), MTel sought

a "non-appearance" and moved to compel.[5]  This Court should deny the Motion for failure to comply with this Court's Local Rules.

### II. MTEL FAILS TO MEET ITS BURDEN OF SHOWING THIRD-PARTY GOOGLE'S RESPONSES WERE INADEQUATE OR ITS OBJECTIONS UNJUSTIFIED.

"In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified." *Music Group Macao Commercial Offshore Limited v. Foote*, 2015 WL 579688, *1 (N.D. Cal. Feb. 11, 2015) (denying motion to compel production of documents).  Rule 45 precludes a party from "imposing undue burden or expense on a person subject to [a] subpoena." Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 45(d)(3)(A)(iv) (citing undue burden as a basis for quashing a subpoena).  "When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45[d](1)." *Molefi v. Oppenheimer Trust*, 2007 U.S. Dist. LEXIS 10554, *10 (E.D.N.Y. Feb. 15, 2007) (quoting *Builders Ass'n of Greater Chicago*, 2002 U.S. Dist. LEXIS 8461, * 14 (N.D. Ill. May 13, 2002) (finding sanctions against the issuing attorney appropriate)).

MTel's Motion is a motion to compel compliance with the August Subpoena, cloaked as a motion to compel compliance with the November Subpoena.  The latter should never have issued.  MTel should have met and conferred with Google following the November 11 deposition and, if appropriate, moved to compel compliance with the August Subpoena.  If it had, MTel would not have met its burden of showing that Google's response was inadequate or its objections to Topic 5 unjustified.  MTel does not meet that burden with respect to the August Subpoena here.  Similarly, MTel does not meet its burden of showing that Google's response to the November Subpoena was inadequate or its objections unjustified.

---

[5]  Although the parties met and conferred about the November Subpoena generally shortly after it was served, they did not discuss the specifics of Google's objections as Google had not yet served them, much less a deposition date.

**A.     The November Subpoena is Unduly Burdensome Because Third-Party Google Repeatedly Responded to Serial Subpoenas from MTel.**

The November Subpoena as a whole imposes an undue burden on Google. Google responded to subpoenas issued by MTel in *Sprint Nextel*, *LG*, *HTC America*, and the underlying case. The same patent was at issue in each of these cases, and the subpoenas sought information regarding GCM. Google produced documents regarding the operation of GCM, and made a witness available for deposition in response to two of the subpoenas. It is unduly burdensome and harassing to require third-party Google to continue to respond to multiple subpoenas from the same plaintiff covering the same subject matter. MTel does not mention these prior subpoenas in its Motion, let alone show that Google's undue burden objection is unjustified.

Further, if the information MTel seeks was not provided in response to the August Subpoena (it was, as discussed below), that is due to MTel's failure to seek the full scope of the information it believes relevant to its case, failure to raise issues with the scope of discovery Google agreed to provide, and/or failure to ask the right questions. It is unduly burdensome to give MTel a do-over. Serving a second subpoena that MTel admits seeks the same information violates MTel's obligation to take reasonable steps to avoid unduly burdening third-party Google. Fed. R. Civ. P. 45(d)(1); *see also Glaxosmithkline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, 2007 WL 1051759, *4 (D. Utah Apr. 2, 2007) (denying motion to compel second deposition of nonparty because, among other reasons, it Imposed an undue burden on the nonparty). As a practical matter, if parties can serve serial subpoenas directed at the same subject matter, they will have little incentive to get the subpoena right in the first place, increasing the burdens on third parties, as MTel did here.

**B.     MTel Fails to Meet Its Burden With Respect to Its Request for Deposition Testimony and Google Source Code.**

MTel seeks an order compelling third-party Google to produce a witness on Deposition Topics 1, 2, and 3. MTel further requests that Google be ordered to produce its highly confidential, proprietary source code relating to GCM. MTel contends that it needs this testimony and source code because Mr. Nerieri could allegedly not testify on Topic 5 to the August

1 Subpoena without source code. (Motion, 3.) MTel, however, does not point to a single instance
2 to show Mr. Nerieri was unprepared on any noticed topic, nor could it. He testified fully and
3 repeatedly about how the system <u>actually operates</u>. (*See e.g.,* Ex. A, 41:10-51:21, 58:12-59:23
4 (explaining the GCM architecture and transmission of messages by components therein); 54:17-
5 56:16 (explaining whether GCM uses Wi-Fi or cellular); 74:8-19 (describing how a system
6 determines if an Android device is online); 75:12-80:6 (describing what happens to the flow of
7 operations when there is a temporary interruption in connectivity); 111:7-119:2 (discussing the
8 transmission and confirmation of messages).)

9 Instead, MTel points to <u>only one question</u> that Mr. Nerieri could not answer without
10 reference to the source code:

11 ███████████████████████████████████████████████████████
12 
13 ███████████████████████████████████████████████████████
14 ██ ██
15 
16 ██ ████████████
17 (Motion, 3 (citing Jepson Ex. 4 at 154:1-20), (citing same)). MTel argues that he could not testify
18 about "████████████████████████████████████████████████████"
19 or whether it is programmed to respond with a ████████, without referring to source code.
20 (*Id.*, 2, 7) But the reason he could not testify about this is because it seeks information apart from
21 how the system ordinarily works. As Mr. Nerieri testified, ████████████████████
22 ███████████████████████████████████████ as posed in MTel's
23 question. (Ex. A, 83:23-86:6, 106:15-107:3, 150:8-151:15 ██████████████████
24 ██████████████████████████████████████"); 153:18-20 ███
25 ███████████████████████████████████████████████████████

---

<sup>6</sup> Mr. Nerieri used the terminology "████████████." MTel refers to it as a
"████████," because that is the terminology used in one of the documents MTel questioned
Mr. Nerieri about. (Ex. A, 150:8-20.)

1 ).) It is, thus, unsurprising that Mr. Nerieri might need to look at the source code to answer a
2 question about an "edge case" scenario (*id.*, 85:14-86:6; 153:21-154:9)), not specified in the
3 deposition notice. But that does not mean that he was unprepared to testify about how the system
4 actually works as he was designated to do, and did.

5 Even were this sole question within the scope of the deposition notice, it is unduly
6 burdensome to require Google to provide another witness to testify on the same subject matter.
7 MTel had ample opportunity to take discovery on these issues. MTel even ended the deposition
8 early. (Ex. A, 199:13-15.) During the deposition, MTel did not say that Mr. Nerieri was
9 unprepared, and did not leave the deposition open. If MTel believed the witness was unprepared,
10 it should have at a minimum raised the issue at the deposition so that Google and Mr. Nerieri
11 could investigate the answer to the single outstanding question that day. Any need for this
12 testimony is not proportional to the burden of making Google provide a witness for deposition
13 again.[7]

14 As to MTel's demand for source code, not only has MTel failed to show production of
15 source code is necessary based on the deposition testimony for the same reasons as above, it has
16 also failed to show the burdens associated with making Google's source code available for
17 inspection are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The record shows
18 they are not. MTel did not initially request production of source code at all. And the operative
19 Protective Order expressly stated that the parties did "not anticipate the need for or disclosure of

---

[7] Although MTel served the November Subpoena six days before the new Federal Rule of Civil Procedure 26(b), which limits the scope of discovery to that which is "proportional to the needs of the case," became effective, that standard should apply here, as it is just and practicable to do so. Apr. 29, 2015 Supreme Court letter to Hon. John A. Boehner, available at http://www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf ("the foregoing amendments . . shall govern in all proceedings in civil cases thereafter commended and, insofar as just and practicable, all proceedings then pending.") Even if it does not, however, the requests and deposition topics in the November Subpoena would not have met the standard under the old Rules, including because they are unduly burdensome in light of Google's full and complete response to the August Subpoena.

1   computer source code." (Case No. 2:15-cv-00183, Dkt. 43, ¶ 13  Indeed, in MTel's first *five*

2   subpoenas to Google, it never requested any source code.

3        The risks of production of Google's source code are significant.  Courts recognize the

4   confidential nature of source code.  *See e.g.*, *Synopsys, Inc. v. ATopTech, Inc.*, 2015 WL 1197705

5   (N.D. Cal. March 16, 2015) (denying motion to compel production of source code).  And the

6   operative Protective Order was not negotiated by Google, so Google has not been able to ensure

7   that it provides adequate protections for source code.  Moreover, any time source code is

8   inspected, there is the possibility of mishandling or over-disclosure.  In addition, it is difficult and

9   expensive to identify the vague portions of source code MTel seeks and make it available for

10  inspection with adequate protections.  These burdens outweigh the minimal need for source code

11  discovery.  This Court should deny MTel's request for source code.  *Synopsys*, 2015 WL 1197705,

12  *4 (denying motion to compel production of source code where production of source code would

13  be duplicative of other discovery and the risk to the party opposing production resulting from the

14  exposure of its valuable proprietary information was significant).

15       This is even more true here where, by MTel's own admission, these three deposition topics

16  and source code request seek the very same information MTel sought in the August Subpoena.

17  But, MTel never asked for the source code in that subpoena, MTel had ample opportunity to

18  obtain the information by other discovery, and the burdens of providing this discovery outweigh

19  its likely benefit.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C).  MTel and its counsel have

20  an obligation to take reasonable steps to minimize the burden on third-party Google.  Fed. R. Civ.

21  P. 45(d).  Their failure to do so is an additional reason to deny MTel's motion.

22       **C.    MTel Fails to Meet its Burden With Respect to Mr. Nerieri's Prior Deposition Transcripts.**

23

24       MTel also moves to compel Google to produce Mr. Nerieri's prior deposition transcripts

25  regarding GCM.  MTel fails to show that Google's objections to this document request are

26  unjustified.  MTel had ample opportunity to depose Mr. Nerieri regarding GCM and presumably

27  tailored its questions to this case.  Deposition transcripts from different cases involving different

28  patents and different accused functionalities are not relevant here, and MTel does not explain how

1 they could be.  The burden of collecting and producing these transcripts is not proportional to the
2 needs of the case.  This Court should deny MTel's request for prior deposition transcripts.

### D.  MTel Fails to Meet its Burden With Respect to Document Request No. 3.

The November Subpoena included a third document request seeking "[d]ocuments responsive or otherwise relevant to the below identified 'Topics for Deposition.'"  (Ex. I.)  MTel does not make any argument that Google's objections are unjustified.  In particular, Google already produced documents regarding the operation of GCM.  If MTel seeks non-cumulative documents, the Request is unduly burdensome because it asks Google to produce documents MTel could have sought in the August Subpoena, and the burden and expense of searching for non-duplicative responsive documents outweighs any likely benefit of the discovery.  This Court should deny MTel's request for documents responsive to Request No. 3.

## III.  THE COURT SHOULD DENY MTEL'S REQUEST FOR SANCTIONS.

The Court should also deny MTel's request for attorneys' fees and costs.  Initially, sanctions are not warranted here because MTel "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."  Fed. R. Civ. P. 37(a)(5)(i).  As detailed above, Google offered to meet and confer with MTel when it claimed that Mr. Nerieri was not prepared, but MTel ignored that offer and served the duplicative November Subpoena.  The parties met and conferred about the November Subpoena generally, and Google said it would serve written responses and objections.  Google expected that the parties would meet and confer thereafter, as they did with the August Subpoena.  But, MTel did not meet and confer about Google's written responses and objections.  And, MTel ignored Google when, in response to MTel's email about the logistics of a December 18 deposition, Google said a witness would not be there.  MTel did not tell Google it would go forward with the deposition, so that Google could move for a protective order.

Sanctions are also not warranted where, as here "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(ii).  Google's nondisclosure, response, and objections were substantially justified.  Google complied with the August Subpoena, and the November Subpoena is cumulative.  To the extent the November

-13-  Case No. 5:16-mc-80012-NC
THIRD PARTY GOOGLE'S OPPOSITION TO MOTION TO COMPEL

01980-00067/7631457.1

1  Subpoena seeks non-cumulative information, the need for such information is not proportional to
2  the burden on Google of providing the discovery.  Thus, sanctions are not warranted here.[8]
3         Additionally, MTel's demand to be reimbursed for the cost of recording a non-appearance
4  is unreasonable.  MTel pretends that Google was a no-show at the deposition.  But, Google
5  responded and objected to the November Subpoena, made clear that it would not make a witness
6  available on December 18, and expected to meet and confer.  MTel should not have attempted to
7  go forward on that date.  It did not meet and confer with Google regarding scheduling the
8  deposition, as it was required to do under this Court's Local Rules.  Civil L.R. 30-1.  And MTel
9  knew that HTC's counsel was not available on that date, so the deposition—which MTel noticed
10 for both the *Samsung* and *HTC* cases—could not go forward on that date.  MTel did not travel to
11 attend the deposition in person.  Neither did counsel for Samsung and HTC.  In fact, the email
12 MTel sent to Google on December 17 regarding the deposition logistics was not addressed to
13 Samsung and HTC's counsel, so they had no reason to know that MTel planned to go forward the
14 next day.  (Jepson Dec., Ex. 10.)  Thus, there was no reason for MTel to obtain a non-appearance.
15 Doing so was tactical.  Rather than show that Google did not comply with the August Subpoena
16 (which MTel cannot do), or show that Google's objections to the November Subpoena were
17 unjustified (which it cannot do), MTel tried to convince this Court that Google ignored the
18 subpoena.  MTel should not be rewarded for such tactics.
19        Rather, if any sanctions are to be issued and fees and costs awarded, they should be against
20 MTel and awarded to Google.  Rule 45(d) imposes a duty on parties to take reasonable steps to
21 avoid unduly burdening a third party.  The Court "must . . . impose an appropriate sanction—
22 which may include lost earnings and reasonable attorneys' fees—on a party or attorney who fails
23 to comply."  Fed. R. Civ. P. 45(d)(1).  MTel did not take reasonable steps to avoid unduly

---

[8] The cases on which MTel relies do not support an award of sanctions here.  In *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2015 WL 3649623, *2 (D. Nev. June 10, 2015), the court *denied* the request for sanctions.  In *N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991 (N.D. Cal. 2004), attorneys fees were awarded for failure to appear at a deposition when the subpoenaed party unilaterally cancelled the deposition three days prior without objecting earlier causing the Board to incur costs.  *Id.* at 1001.  There was no such unilateral cancellation here.

burdening Google.  The November Subpoena should have never issued and everything Google did in response constitutes "undue burden or expense."

## CONCLUSION

For the foregoing reasons, this Court should deny MTel's Motion.

DATED: January 28, 2016                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP


                                           By */s/ Andrea Pallios Roberts*
                                              Andrea Pallios Roberts
                                              Attorneys for Third-Party Google Inc.